UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., et al., ) ) ) Plaintiffs, ) ) v. ) ) ) RICHARD CANTRELL, *et al.*, ) ) Defendants. ) | Civil Action No. 1:24-cv-01296 (UNA) |

## MEMORANDUM OPINION

Plaintiff Victor Charles Fourstar, Jr., proceeding *pro se*, is a prisoner currently designated to Fort Peck Adult Correctional Facility ("FPCF"), located in Poplar, Montana. Fourstar has filed a civil complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and he attempts to bring this matter as a class action on behalf of several other FPCF inmates, *see* Compl. at 4–5, 10–16. For the reasons discussed below, this matter will be dismissed without prejudice.

Fourstar sues a FPCF warden, an official with the Department of the Interior, and an official with the Department of the Interior's Indian Health Service. *See id*. at 2–3. He broadly alleges that he and the other plaintiffs have suffered from abuses at FPCF, including inadequate medical care, and infringement on their right to register to vote, or to freely exercise their religion. *See id*. at 3, 5, 10. He further generally alleges that defendants have created an unsafe environment, employed excessive force, retaliated against them, and placed all of them at increased risk of harm, due to their continued negligence and disregard for the inmates' constitutional rights. *See id*. at 3, 11–14. He demands assorted equitable relief and $6 billion in damages. *See id*. at 5, 15.

At the outset, the court notes that Fourstar has accumulated three or more strikes, and therefore, he is technically barred from proceeding IFP under 28 U.S.C. § 1915(g). *See Fourstar v. Garden City Group, Inc.*, No. 15-76 (D.D.C. Jan. 22, 2015). Nevertheless, Fourstar asserts that he is currently civilly committed, *see* Compl. at 4, and individuals who are civilly committed, after completing their sentence, are generally exempt from the provisions of the Prison Litigation Reform Act, *see Vandivere v. Lynch*, No. 16-cv-1594, 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (persons civilly committed "are not prisoners to whom the PLRA's filing fee requirements apply") (citing cases). The court must note, however, that although the other intended plaintiffs have signed the complaint, *see* Compl. at 15–16, none of them have submitted IFP applications, as required, *see* 28 U.S.C. § 1915(a)(1)–(2). Consequently, leave to proceed IFP will be granted as to Fourstar only.

In any event, Fourstar cannot bring this matter as a class action, or otherwise, on behalf of the other plaintiffs, because a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010) (holding that standing exists only to redress or otherwise to protect against injury

to the complaining party and a plaintiff must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016) (same).

Finally, even if Fourstar could overcome these defects, he has failed to establish venue in the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

The alleged actions giving rise to Fourstar's claims occurred in Montana. Although Fourstar has named certain federal officials as defendants, this matter bears no substantive connection to this District, and courts in this jurisdiction must examine venue carefully "to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Simply put, naming a federal official as a defendant does not automatically necessitate venue in this district, particularly when a claim should be "properly pursued elsewhere." *See id.* Indeed, as here, the venue in which a prison is located is generally the one most concerned with, and most apt to, adjudicate "unconstitutional conditions" claims arising therefrom. *See id.* at 256–57.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge